**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BLANCHE BUSH,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Case No:　6:14-cv-304-Orl-GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

---

# MEMORANDUM OF DECISION

    Blanche Bush (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB").　Doc. No. 1.　Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) not adequately considering her treating physician's treatment records or weighing his opinion; and 2) finding her testimony concerning her pain and limitations not credible.　Doc. No. 21 at 7-13.　Claimant argues that the matter should be reversed for an award of benefits, or, in the alternative, remanded for further proceedings.　*Id.* at 13.　For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

**I.　STANDARD OF REVIEW.**

    The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).　Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.　*Foote v. Chater*, 67

F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which the Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.  ANALYSIS.

### A.  Dr. Yong Tsai.

Claimant argues that the ALJ "did not adequately consider the records of [her] treating physician, nor [did she] indicate the weight [she] assigned to the opinion of [her] treating physician." Doc. No. 21 at 7-10. Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms,

diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.   *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).   "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The record reveals that Dr. Tsai, a rheumatologist, treated Claimant on at least seven (7) occasions between September 10, 2009 and September 6, 2011.   R. 239-48, 276-84.   Therefore, Dr. Tsai qualifies as a treating physician.   *See* 20 C.F.R. § 404.1502.   The record contains only seven (7) treatment notes from Dr. Tsai.   R. 239-48, 276-84.   These treatment notes reveal that Claimant suffered from rheumatoid arthritis and osteoarthritis, that her overall condition often fluctuated between good and fair, that she experienced pain as a result of her impairments, which was exacerbated by certain activities, such as walking and bending, and was treated with medication.   R. 239-48, 276-84.   Aside from these treatment notes, there are no other records from Dr. Tsai.   R. 237-84.

At step four of the sequential evaluation process, the ALJ determined that Claimant has a RFC to perform a light work as defined by 20 C.F.R. § 404.1567(b) with the following additional limitations:

> [C]laimant can never climb ladders, ropes, or scaffolds.   The claimant can frequently climb ramps or stairs, balance, stoop, kneel, crouch or crawl.   The claimant can frequently reach and reach overhead, bilaterally.   The claimant can frequently handle objects, defined as gross manipulation, with her left upper extremity.   The claimant must avoid concentrated exposure to extreme cold, extreme heat, environmental irritants such as fumes, odors, dusts, and gases, and poorly ventilated areas.   The claimant is also limited

to occupations that do not require depth perception.

R. 26.   While the ALJ concluded Claimant could not perform her past work, she determined that Claimant, given the above RFC, is capable of performing other work in the national economy.   R. 29-30.

The ALJ's decision reveals that she considered the treatment notes from Dr. Tsai.   R. 27. Claimant takes issue with the scope and accuracy of the ALJ's consideration of Dr. Tsai's treatment notes.   Doc. No. 21 at 9-10.   However, the ALJ's discussion of Dr. Tsai's treatment notes was neither lacking nor materially inaccurate.   R. 27; *see Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (explaining that there is "no rigid requirement that the ALJ specifically refer to every piece of evidence in [his or her] decision.").   Further, the record does not contain any opinions from Dr. Tsai.   *See* R. 237-84.   Indeed, Claimant does not cite to a single document that contains an opinion from Dr. Tsai concerning her ability to function.   *See* Doc. No. 21 at 7-10. Instead, the only medical evidence from Dr. Tsai are his treatment notes discussed above, none of which contain any statements that can be construed as opinions concerning function limitations stemming from Claimant's impairments.   R. 239-48, 276-84.   As such, there was no medical opinion for the ALJ to weigh.   *See Winschel*, 631 F.3d at 1178-79 (explaining what constitutes a medical opinion).   Accordingly, Claimant has failed to demonstrate that the ALJ's decision is not supported by substantial evidence.

**B.  Credibility.**

Claimant argues that the ALJ failed to adequately weigh the Claimant's credibility.   Doc. No. 21 at 11-13.   In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms.   By this standard, there must be: 1) evidence of an underlying medical condition and

either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or 3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.   *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).   "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability."   *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[1]   Thus, once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability.   *Foote*, 67 F.3d at 1561.   "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so."   *Id.* at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have

---

[1] Social Security Ruling 96-7p provides: "2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities.   This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."   SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996).

been considered' or that 'the allegations are (or are not) credible.'").   A reviewing court will not

disturb a clearly articulated credibility finding with substantial supporting evidence in the record.

*Foote*, 67 F.3d at 1562.   The lack of a sufficiently explicit credibility finding may give grounds

for a remand if the credibility is critical to the outcome of the case.   *Id*.

Claimant contends that the ALJ's credibility determination is encompassed in the following

two paragraphs:

> After careful consideration of the evidence, the [ALJ] finds that the
> claimant's medically determinable impairments could reasonably be
> expected to cause the alleged symptoms; however, the claimant's
> statements concerning the intensity, persistence and limiting effects
> of these symptoms are not credible to the extent they are inconsistent
> with the above residual functional capacity assessment.
>
> In terms of the claimant's allegations, the objective medical reports
> of treating and examining practitioners as well as specific findings
> made on clinical examinations and evaluations do not support the
> level of impairment severity alleged by the claimant.

Doc. No. 21 at 12-13 (citing R. 28).   Claimant argues that this "boiler plate type language" does

not sufficiently articulate reasons for discrediting her testimony, and thus remand in necessary.

*Id*.

The ALJ's credibility finding was not limited to the above paragraphs.   Immediately

following these paragraphs, the ALJ provided further explanation as to why she found Claimant's

testimony not credible:

> Overall, when all of the evidence is considered, the claimant's
> subjective complaints of disability are not consistent with the
> evidence as a whole.
>
> The [ALJ] notes that there is no credible opinion of disability on the
> objective medical evidence of record from any of the claimant's
> treating, examining, or nonexamining physicians.   The claimant's
> objective medical evidence of record and treating records
> longitudinally reflect that the claimant's medically determinable
> impairments have been stable and responding well to treatment.

> The objective medical evidence of record does not demonstrate any impairment or combination of impairments that would preclude the ability to perform light work activity with appropriate limitations.

R. 28 (citations omitted).   The foregoing excerpts reveal that the ALJ's credibility determination was not limited to boilerplate language.   The ALJ found Claimant's testimony concerning the intensity, persistence, and limiting effects of her symptoms not credible due to a longitudinal medical record demonstrating that Claimant's impairments were "stable and responding well to treatment," and the absence of any "credible" medical opinion concluding that Claimant's impairments render her unable to perform any level of work.   R. 28.   Claimant does not challenge the substantive basis articulated by the ALJ for her credibility finding.   *See* Doc. No. 21 at 11-13. Nevertheless, the Court finds that the ALJ articulated good cause for discrediting Claimant's testimony and that her reasons are supported by substantial evidence.   *See Foote*, 67 F.3d at 1561-62 (reviewing court will not disturb credibility finding with sufficient evidentiary support).

## III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1.   The final decision of the Commissioner is **AFFIRMED**; and

2.   The Clerk is directed to enter judgment in favor of the Commissioner and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 20, 2015.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable M Hart
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Desoto Bldg., Suite 400
8880 Freedom Xing Trl.
Jacksonville, FL 32256-1224